UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAIOFF HUGAIS, | ) |
|         Plaintiff, | ) |
|         v. | ) No. 1:24-cv-01127-SEB-MG |
| ALAA KOURAIN, SALAA KOURAIN, NISHWAN KORIN, | ) |
|         Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Raioff Hugais ("Mr. Hugais") filed this action against Defendants Alaa Kourain, Salaa Kourain, and Nishwan Korin (collectively, "Defendants") in the Marion Superior Court. Mr. Hugais and Defendant Alaa Kourain ("Mr. Kourain") are two (of four) founding members of California Burger, LLC, an Indiana limited liability company that owns and operates various "California Burger" restaurants across Indianapolis. Defendants timely removed the Complaint to our Court, pursuant to 28 U.S.C. §§ 1337 and 1338. Dkt. 1. Now before the Court is Plaintiff's Motion to Remand. Dkt. 6. For the reasons explained below, Plaintiff's Motion to Remand, dkt. 6, is **GRANTED**.

**BACKGROUND**

Although Mr. Hugais filed an amended complaint, dkt. 14, the following background reflects the original complaint's factual allegations, which we accept as true for purposes of this motion to remand. *In re Burlington N. Santa Fey Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at

1

the time of removal, and nothing filed after removal affects jurisdiction."); *see also Elftmann v. Vill. of Tinley Park*, 191 F. Supp. 3d 874, 878 (N.D. Ill. 2016) (accepting factual allegations as true on motion to remand).

I.      **Factual Allegations**

California Burger, LLC ("California Burger") is an Indiana limited liability company that owns and operates a chain of California Burger restaurants across Indianapolis, Indiana. The company is comprised of four founding members: Mr. Hugais, Mr. Kourain, and non-parties Naddar Hugais and Akrahm Hugayees (hereinafter referred to as "the four members"). Mr. Hugais alleges that, when the four members formed California Burger, they agreed that profits would be distributed equally; that unanimity would be necessary to open new restaurant locations; and that any single member could veto a proposal to open a new restaurant location.

In 2020, the four members opened the first California Burger restaurant on 16th Street in Indianapolis, Indiana. On February 2, 2021, the four members submitted a trademark application to the United States Patent and Trademark Office (the "PTO") for California Burger's logo and menus. Mr. Hugais avers that all four members jointly own, and, thus, are equally duty-bound to protect, the California Burger trademark. *Id.* ¶ 10.

In light of the apparent success of the California Burger's 16th Street restaurant, the four members unanimously agreed to open a second restaurant on 82nd Street in Indianapolis, Indiana. On April 9, 2021, Mr. Hugais executed a lease agreement for the second location, evidently listing himself as a personal guarantor.

On December 21, 2021, unbeknownst to Mr. Hugais, Mr. Kourain allegedly "submitted a trademark application, listing only himself as the owner of the trademark for California Burger LLC" and utilizing logos and menus identical to those submitted by the four members on behalf of California Burger earlier that same year. *Id.* ¶ 19. Approximately nine months later, on September 8, 2022, Mr. Kourain—once again, apparently without Mr. Hugais's knowledge or the unanimous consent from the original four members—created Kourain LLC d/b/a California Burger ("Kourain LLC"), a single-member limited liability company with a principal office in Fort Wayne, Indiana. Soon thereafter, on October 4, 2022, Mr. Kourain unilaterally created Kourain Burgers LLC ("Kourain Burgers LLC"), a new limited liability company currently doing business as California Burger.

According to the Complaint, Mr. Kourain transferred funds from California Burger to "another bank account which [he] created" and later purchased a $10,000 kitchen hood for a third California Burger location on 38th Street in Indianapolis, Indiana—all of which Mr. Kourain allegedly did without the unanimous consent of the original four members of California Burger. Mr. Hugais further avers that Mr. Kourain divested California Burger's trade secrets to Co-Defendants Salaa Kourain (Mr. Kourain's father) and Neshwan Korin, (Mr. Kourain's cousin), both of whom allegedly hold an interest in Kourain LLC and Kourain Burgers LLC.

In February 2024, Mr. Hugais discovered that Mr. Kourain had appropriated large sums of California Burger's funds to pay his personal credit card debts as well as to finance unspecified "investment opportunities." *Id.* ¶¶ 30–35. In one example, Mr. Hugais alleges that Mr. Kourain transferred $54,000.00 from California Burger's bank account without

seeking the appropriate authorization. Additionally, Mr. Hugais avers that Mr. Kourain has, without explanation, "reduced [his] monetary distribution," despite their agreement to divide California Burger's profits equally. *Id.* ¶ 38.

Based on these factual allegations, Mr. Hugais seeks the appointment of a receiver over California Burger's assets and an audit of those accounts; repayment of the amounts taken by Mr. Kourain's alleged misappropriation of company funds; compensatory damages; treble damages (pursuant to the Indiana Crime Victims Relief Act, Ind. Code § 34-24-3-1); and an injunction.[1]

## II. Procedural Background

On May 29, 2024, Mr. Hugais, then proceeding *pro se*, filed the Complaint in state court. On July 8, 2024, Defendants timely removed the case to federal court asserting federal jurisdiction under 28 U.S.C. §§ 1337 and 1338. Dkt. 1 at 2. On July 10, 2024, Mr. Hugais filed a Motion to Remand, which motion is now fully briefed and ripe for ruling.[2]

## LEGAL STANDARD

A defendant may remove to federal court any action filed in state court that could have been originally filed in federal court. 28 U.S.C. § 1441(a). Where, as here, there is no diversity jurisdiction, removal is nonetheless appropriate when a plaintiff pleads a federal claim, or a federal question is otherwise apparent from the face of the complaint. *See*

---

[1] In briefing the instant motion to remand, Mr. Hugais adds that he seeks the dissolution of all California Burger restaurants, on account of "an irretrievable break down in the business relationship . . . ." Pl.'s Reply Br. 2, dkt. 12.
[2] On December 18, 2024, well after the parties completed their briefing of the Motion to Remand, an attorney entered an appearance on Mr. Hugais's behalf. Dkt. 18.

*Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019). "[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.' " *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The removing party bears the burden of establishing that federal jurisdiction exists. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

If, at any time prior to the entry of final judgment, it appears that a district court lacks subject matter jurisdiction over a matter removed from state court, "the case shall be remanded." 28 U.S.C. § 1447(c). "A motion to remand must be granted if the case removed from state court could not have been brought in federal court originally for lack of subject-matter jurisdiction." *Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 668 (7th Cir. 2020) (citing 28 U.S.C. §§ 1441(a), 1447(c)). In evaluating a motion to remand, courts presume the validity of the plaintiff's chosen forum and must resolve jurisdictional doubts in favor of remand. *Schur*, 577 F.3d at 758.

## DISCUSSION

Defendants removed this case on the grounds that the Complaint—either on its face or pursuant to the "artful pleading doctrine"—"arises under" federal law. As explained below, neither theory supports a removal of this matter, as Defendants' Notice of Removal, dkt. 1, and responsive brief, dkt. 10, consist of nothing more than perfunctory and undeveloped arguments that wholly fail to satisfy Defendants' burden, as the removing party, of establishing the existence of federal jurisdiction. Consequently, a remand must be ordered.

I.  **The Well-pleaded Complaint Rule**

A claim may be brought in federal court under federal question jurisdiction if the claim is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also id.* § 1338 (conferring original jurisdiction to the district courts over "any civil action arising under any Act of Congress relating to . . . trademarks"); *id.* § 1337 (providing that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies"). Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). "[W]here the plaintiff has a choice of relying on applicable state law and so chooses, there can be no removal to federal court in the absence of diversity of citizenship." *Emerson Power Transmission Corp. v. Roller Bearing Co. of Am.*, 922 F. Supp. 1306, 1310 (N.D. Ind. 1996). This is so even if the facts alleged in support of a state-law claim would *also* support a federal claim: Put simply, a plaintiff may eschew the federal claim and remain in state court. *Finch v. Wis. Auto Title Loans, Inc.*, 586 F. Supp. 2d 1070, 1074 (E.D. Wis. 2008) (citations omitted).

In their Notice of Removal, Defendants state, albeit without elaboration, that "[t]his Court has subject matter jurisdiction under" 28 U.S.C. § 1338. Dkt. 1 at 2. A case "arises under" federal trademark laws for purposes of § 1338 only when federal trademark law "creates the cause of action" or when the "plaintiff's right to relief necessarily depends on

6

resolution of a substantial question" of federal trademark law, meaning that trademark law "is a necessary element of one of the [plaintiff's] well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988).

Defendants argue that Mr. Hugais "appears" to assert trademark infringement and fraudulent procurement claims in his Complaint, *see* 15 U.S.C. §§ 1120, 1125, averring that Mr. Kourain had submitted a trademark application to the PTO "without [Mr. Hugais's] authorization," which "alleged conduct," Defendants continue, "clearly implicates the Lanham Act" and "provid[es] this Court with subject matter jurisdiction over this matter." Defs.' Resp. Br. 1, dkt. 10. Relying solely on Mr. Kourain's purported trademark application allegation, *see* Compl. ¶ 19, dkt. 1-1, Defendants argue that Mr. Hugais "appears to at least in part be alleging trademark infringement" by "[i]mplying that Mr. Kourain lacked authority to file a trademark application," Defs.' Resp. Br. 2, dkt. 10.

Defendants' minimalist (and, at best, conjectural) argument falls far short of satisfying their burden as the removing parties of establishing that federal jurisdiction exists. *See Schur*, 577 F.3d at 758. "[T]he Lanham Act is derived generally and purposefully from the common law tort of unfair competition, and its language parallels the protections afforded by state common law and statutory torts." *Emerson Power*, 922 F. Supp. at 1312 (alteration in original) (internal quotation and citation omitted). "[T]he mere fact that the plaintiff's complaint implicates an issue related to a federally protected trademark does not dictate that removal is proper." *Id.* While the Lanham Act's purpose certainly "is to ensure the integrity of registered trademarks, '[a]mple experience indicates that, where a state trademark or infringement action is sought to be removed to federal court on the theory

7

that the action *could have been* predicated on the Lanham Act, federal courts have been unwilling to find a federal question by implication and have remanded to state courts.' " *Id.* (alteration in original) (emphasis added) (quoting *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339, 346 n.9 (3d Cir. 1974)).[3] Under these legal principles, we have little hesitation concluding that Mr. Hugais's bare references to a trademark—without more—do not support removal.

In their Notice of Removal, Defendants make a single, passing reference to § 1337, which provides federal jurisdiction where the plaintiff's cause of action arises under any federal law "regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C § 1337. This lone citation to § 1337, without further elaboration, does not establish federal jurisdiction, *see Dart Cherokee*, 574 U.S. at 87 (removal standard set forth in § 1446(a) "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure"); further, we will not "bend over backwards to construct alternative theories to persuade [ourselves] that subject matter jurisdiction exists." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012).

---

[3] Insofar as Mr. Hugais's allegation that Mr. Kourain "submitted a trademark application, listing *only himself as the owner*," Compl. ¶ 19, dkt. 1-1 (emphasis added), raises issues of trademark *ownership*, we note that such questions "do[ ] not arise under federal law, even though the dispute could not exist but for the property right created by" federal trademark law. *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915–16 (7th Cir. 2001). Rather, questions about the ownership and/or other rights conferred by virtue of an underlying agreement between the parties remain matters of state law. *See Nova Design Build, Inc. v. Grace Hotels, LLC*, 652 F.3d 814, 816 (7th Cir. 2011); *see also Mindy's Restaurant, Inc. v. Watters*, No. 08 C 5448, 2009 WL 1606982, at *4 (N.D. Ill. June 9, 2009) (disputed trademark ownership arising out of deteriorated business relationship does not support removal).

In sum, Defendants have failed to establish that the Complaint pleads a federal claim thereby warranting an exercise of this Court's subject matter jurisdiction. As such, Defendants have not demonstrated that removal of this action from state court to our Court was proper.

## II.   The Artful Pleading Doctrine

Defendants also seek to rely on the "artful pleading doctrine," according to which "federal courts may, under certain circumstances, look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his cause of action so as to couch a federal claim in terms of state law." *Emerson Power*, 922 F. Supp. at 1310–11 (citing *Burda v. M. Ecker Co.*, 954 F.2d 434, 438, 440 n.8 (7th Cir. 1992) (stating that plaintiffs may not "omit federal questions that are essential to recovery")). Where the artful pleading doctrine applies, "a court need not defer to a legal theory pleaded with the intent to avoid an unavoidable federal issue." *Finch*, 586 F. Supp. 2d at 1075 n.4. That said, however, "artful pleading is only a concern when the plaintiff . . . attempt[s] to conceal the federal nature of the claim," despite having no real choice "but to assert a federal claim." *Id.* (citing *Caterpillar*, 482 U.S. at 397 n.11).

According to Defendants, Mr. Hugais cannot escape the necessarily federal nature of his trademark infringement allegations by "not explicitly invoking the Lanham Act." Defs.' Resp. Br. 2, dkt. 10. We disagree, first, because Defendants fail to demonstrate that the Lanham Act is an essential component of Mr. Hugais's recovery.[4] Second, Defendants

---

[4] "A claim might arise under federal law even though all dispositive issues depend on state law if the remedies differ." *Int'l Armor*, 272 F.2d at 917. Here, however, neither party "contend[s] that

identify nothing evincing an attempt by Mr. Hugais to sidestep unavoidable federal issues, nor does our review of the Complaint lead us to any such conclusion. Except for a passing reference to the "Indiana Crime Victim's [sic] Relief Act," Mr. Hugais's Complaint makes no reference, federal or state, to *any* statutory or decisional law. Compl. ¶ 48, dkt. 1-1. Thus, no fair reading of the Complaint suggests that Mr. Hugais *intentionally* "cloak[ed] an essentially federal claim in state law language," as might otherwise justify imbuing the Complaint with an irretractable federal component. *Emerson Power*, 922 F. Supp. at 1312. Because there is "no basis upon which" to "conclude that the plaintiff [i]s employing artful manipulation of the terms of the complaint in order to defeat removal," we reject Defendants' efforts to defeat Mr. Hugais's "prerogative," as the master of the complaint, "of determining the theory of this action." *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

## CONCLUSION

For the foregoing reasons, Defendants have not established federal jurisdiction over their removed lawsuit. Mr. Hugais's Motion to Remand, dkt. 6, is hereby **GRANTED**. Mr. Hugais's Motion to Appoint Receiver, dkt. 14, is **DENIED as moot**.

The Clerk is **DIRECTED** to **REMAND** forthwith this case to the docket of the Marion Superior Court.

---

the Lanham Act affords any remedy that is unavailable under the state law . . . , or makes that remedy easier to obtain, or in this case serves any role other than as a veneer laid over the state-law core." *Id.*; *see also* Ind. Code § 24-2-1-14 (remedies for trademark violations); *Keaton & Keaton v. Keaton*, 842 N.E.2d 816, 820–21 (Ind. 2006) (discussing Indiana law on unfair competition). Because "[i]t is not this court's responsibility to research and construct the parties' arguments," we address this issue no further. *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011).

IT IS SO ORDERED.

Date: 1/23/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joshua F. Brown
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jfbrown@taftlaw.com

Manuel Herceg
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mherceg@taftlaw.com

Christopher L. Isom
BRAND & MORELOCK
cisom@brandmorelocklaw.com

Rachel A. Smoot
Taft Stettinius & Hollister LLP
rsmoot@taftlaw.com